UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARL BROWN,

                      Plaintiff,

-against-

SGT. LAINO; SGT GUNSETT; C.O. ROGERS;
C.O. KWARTLER; C.O. MCNEIL; C.O.
LEWIS; LT. ANSPACH; ASHLEY BARTLETT;
GREEN HAVEN SUPT. MILLER; HEARING
OFFICER GUTWEIN; DIRECTOR OF
SPECIAL HOUSING ANTHONY
RODRIGUEZ,

                      Defendants.

**ORDER OF SERVICE**

24-CV-6677 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

    Plaintiff, who currently is incarcerated at Shawangunk Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during his incarceration at Green Haven Correctional Facility ("Green Haven"). By order dated September 11, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

**A.    Order of Service**

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on the following employees of the New York State Department of Corrections and Community Supervision ("DOCCS"): (1) Sgt. Laino; (2) Sgt. Gunsett; (3) C.O. Rogers; (4) C.O. Kwartler; (5) C.O. McNeil; (6) C.O. Lewis; (7) Lt. Anspach; (8) Ashley Bartlett; (9) Green Haven Superintendent Miller; (10) Hearing Officer Gutwein; and (11) Director of Special Housing Anthony Rodriguez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service

of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court if further instructed to mail a copy of this Order and an information package to Plaintiff.

Local Rule 33.2 applies to this case.

**SO ORDERED.**

Dated: September 18, 2024
       White Plains, New York

_____
PHILIP M. HALPERN
United States District Judge

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Sgt. Laino
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

2. Sgt. Gunsett
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

3. C.O. Rogers
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

4. C.O. Kwartler
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

5. C.O. McNeil
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

6. C.O. Lewis
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

7. Lt. Anspach
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

8. Ashley Bartlett
   DOCCS Central Office
   1220 Washington Ave, Building 2,
   Albany, N.Y. 12226

9. Supt. Miller
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

10. Hearing Officer Gutwein
    DOCCS Central Office
    1220 Washington Ave, Building 2,
    Albany, N.Y. 12226

11. Director of Special Housing Anthony Rodriguez
    DOCCS Central Office
    1220 Washington Ave, Building 2,
    Albany, N.Y. 12226