UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL BROWN,

                              Plaintiff,

            -against-

SGT. LAINO; SGT GUNSETT; C.O. ROGERS;
C.O. KWARTLER; C.O. MCNEIL; C.O.
LEWIS; LT. ANSPACH; ASHLEY BARTLETT;
GREEN HAVEN SUPT. MILLER; HEARING
OFFICER GUTWEIN; DIRECTOR OF
SPECIAL HOUSING ANTHONY
RODRIGUEZ,

                              Defendants.

**ORDER OF SERVICE**

24-CV-6677 (PMH)

PHILIP M. HALPERN, United States District Judge:

On April 7, 2024, the Court issued an order, *inter alia*, directing the OAG to contact Defendants Officers McNeil and Rogers and provide them the option to either: (i) permit the OAG to accept service of Plaintiff's Complaint, on their behalf; or (ii) to provide the Court with their current business addresses for service of process to permit the U.S. Marshals Service to serve the foregoing upon them. (Doc. 37). On April 16, 2025, the OAG filed letters notifying the Court that Defendants Officers McNeil and Rogers have authorized the Department of Corrections and Community Supervision ("DOCCS") to accept service on their behalf, and then provided the Court with updated service addresses for Defendants Officers McNeil and Rogers. (Docs. 40 and 41).

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process

---

[1] The time to serve Defendants Officers McNeil and Rogers is extended until 90 days after the date a summons is issued.

. . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Officers McNeil and Rogers through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff is reminded that he must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to issue amended summonses for Defendants Officers McNeil and Rogers, complete the USM-285 form with the addresses for these defendants, and deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service.

The Clerk of Court is further directed to mail Plaintiff an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    White Plains, New York
          April 17, 2025

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Officer McNeil
   Department of Corrections and Community Supervision
   Bronx IV Area Office
   14 Bruckner Boulevard
   Bronx, NY 10454

2. Officer Rogers
   Department of Corrections and Community Supervision
   Office of Counsel
   The Harriman State Campus
   1220 Washington Avenue
   Albany, NY 12226